IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEORGE WASHINGTON** | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 12-2784** |
| | * | |
| **FIRST HOME MORTGAGE and** | * | |
| **GARY PIERPONT** | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION**

George Washington, *pro se,* has attempted to sue First Home Mortgage and Gary Pierpont, asserting a number of grievances arising out of a loan closing pertaining to his home at 818 Heron Drive, Silver Spring, Maryland. Defendants have moved to dismiss based on insufficiency of service of process, and in the alternative for a more definite statement, apparently deferring for the present a motion to dismiss for failure to state a claim.

Washington, meanwhile, has filed Motions for Judgment, for Hearing, and Speeded up Schedule.

The Court **DENIES** all of Washington's Motions, **GRANTS** the Motion to Dismiss as to First Home Mortgage for failure to serve with a summons or complaint, and **GRANTS** Pierpont's Motion for a More Definite Statement.

* * *

This case demonstrates the extreme perils when a *pro se* plaintiff, obviously unfamiliar with substantive law or legal procedure, attempts to navigate the shoals of litigation in federal court.

The Federal Rules of Civil Procedure require that separate defendants – and a corporation and individual associated with that corporation are separate defendants – must be served with separate process, viz, each must receive a summons and a complaint. *See* Fed. R. Civ. P. 4(b), (e), and (g). That did not happen here.

More important is that the complaint must establish that this Court has jurisdiction. Washington, in his Complaint, states as to the basis of the Court's jurisdiction, "I don't know." Beyond that, the complaint must contain a claim that somehow fits within a cause of action that the law recognizes. Although Defendants have not yet moved to dismiss the Complaint based on Washington's failure to state a claim, the Court, in its own brief review of the Complaint, apart from noting some grievances on Washington's part, sees no causes of action that the law recognizes.

Finally, Washington's Motions for Judgment, Hearing, and Speeded up Schedule reflect just how unfamiliar he is with the workings of the legal system. Courts are busy places. Only in extraordinary cases does a litigant get to jump to the head of the line and <u>never</u> may the litigant do so without giving the defendant a chance to challenge (a) whether suit papers have been properly served, (b) whether the court has jurisdiction over the case, and (c) whether the litigant's claim has any basis in law. Beyond that—though cases do not always have to proceed that far—a defendant is entitled to probe a plaintiff's case by sending him written interrogatories and to demand that he produce documents and submit to a deposition or may take relevant depositions of third persons.

It is always difficult to communicate these realities to a *pro se* litigant, but communicated they must be. Courts do not take the position that plaintiffs—*pro se* or otherwise—come to court with presumptively valid claims against others. While *pro se* plaintiffs are entitled to some

leeway in getting their suits in order, in the end the Court must function as an impartial arbiter between both sides to litigation. That is what it does here.

With all respect to Washington, the Court strongly suggests that he arrange a brief consultation with a private attorney to see if, in the attorney's view, any of his claims pass legal muster.

For now, Washington's Motion for Judgment, Hearing, and Speeded Up Schedule are **DENIED.** First Home Mortgage's Motion to Dismiss for insufficiency of service of process is **GRANTED.** Pierpont's Motion for a More Definite Statement is **GRANTED** and Washington shall provide appropriate specificity as to the law and facts on which he bases his claim against Pierpont. If Pierpont intends to file any further Motion to Dismiss, he should do so promptly, and shall include in it any and all grounds he deems relevant, rather than filing a series of such motions.

A separate Order will **ISSUE.**

                                           /s/
                                 **PETER J. MESSITTE**
                         **UNITED STATES DISTRICT JUDGE**

**May 2, 2013**