IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**GEORGE WASHINGTON**         *
                              *
      Plaintiff            *
                              *
v.                            *         Civil No. **PJM 12-2784**
                              *
**FIRST HOME MORTGAGE and**   *
**GARY PIERPONT**             *
                              *
      Defendants           *

## **MEMORANDUM OPINION**

George Washington, *pro se*, has attempted to sue First Home Mortgage and Gary Pierpont, asserting a number of grievances arising out of a loan closing pertaining to his home at 818 Heron Drive, Silver Spring, Maryland. On May 6, 2013 the Court granted Defendants' Motion to Dismiss as to First Home Mortgage and Pierpont's Motion for a More Definite Statement. After Washington filed what is styled as a second Complaint, Defendants collectively filed a Motion to Dismiss or to Strike and Request for a Hearing (Paper No. 26). The Court **DENIES** Defendants' Motion to Strike and Request for a Hearing. The Court **GRANTS** Defendants' Motion to Dismiss.

### I.

After Defendants moved to dismiss this case based on insufficiency of service of process, and, in the alternative, for a more definite statement, Washington responded with various Motions for Judgment, Hearing, and Speeded up Schedule, as well as a supplement to his Complaint, all of which still failed to assert a basis for the Court's jurisdiction.

The Court, in an Opinion and Order entered May 6, 2013, denied all of Washington's motions, granted the Motion to Dismiss as to First Home Mortgage for failure to serve with a

1

summons or complaint, and granted Pierpont's motion for a more definite statement. The Court's Opinion explained that *both* First Home Mortgage and Pierpont, as separate defendants, must receive a summons and a copy of the Complaint. The Court also cautioned Washington that his complaint must set forth a cognizable cause of action, and that, therefore, he must "provide appropriate specificity as to the law and facts on which he bases his claim against Pierpont." (Paper No. 18) First Home Mortgage was then dismissed from the case. The Court strongly suggested to Washington that he consult with a private attorney before proceeding further.

Washington failed to comply in any respect. Instead, he moved to re-open the case and schedule a hearing. By Order entered August 9, 2013, the Court again instructed Washington to set forth in detail his claims against Pierpont and denied Washington's motions. Perhaps misconstruing the Court's Orders, Washington responded by filing what he styled as a second Complaint, incorrectly noting on the civil cover sheet that the case had been "Reinstated or Reopened". Washington cites as the applicable U.S. statute "Extortion, Discrimination with Prejudice". While he notes that Pierpont and Washington are both residents of Maryland, he still does not indicate any basis for this Court's subject matter jurisdiction. Although his second civil cover sheet lists only Gary Pierpont as a defendant, the caption of his filing lists First Home Mortgage as a defendant as well.

First Home Mortgage remains dismissed from the case, and Pierpont remains in the case. But to avoid unnecessary further proceedings, the Court will address the matter of its subject matter jurisdiction – there is none – a conclusion that will result in a dismissal of the case as to both Defendants, albeit without prejudice. The Court explains.

**II.**

A party may move to dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of proving that jurisdiction exists in federal court. *See Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help determine whether it has jurisdiction over the case before it. *Evans v. B.F. Perkins Co., a Division of Standex Int' Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nonetheless, a *pro se* complaint must at least meet a minimal threshold of plausibility.

District courts have original jurisdiction of civil actions where there is a federal question, or diversity of citizenship with the requisite amount of controversy met. 28 U.S.C. §§1331, 1332. There is no diversity of citizenship in this case since all parties are citizens of Maryland. *See* Paper Nos. 1 (Civil Cover Sheet), 31 (Civil Cover Sheet). Nor is there any cognizable federal cause of action. Despite repeated direction from the Court to set forth a cognizable federal cause of action, Washington alleges simply "discrimination with prejudice and predatory lending by First Home Mortgage Vice President Mr. Gary Pierpont on a VA loan". (Paper No. 23) The civil cover sheet attached to this attempt at a more definite statement indicates the suit is in the nature of personal property and civil rights. But this is not a cause of action, federal or otherwise, that the Court recognizes. The Court therefore dismisses the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Defendants also move to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. While Washington may well have some sort of claim, if in fact he does, it belongs in state, not federal court. The Court again strongly suggests that Washington consult with an attorney before proceeding further.

### III.

The Court **DENIES** Defendants' Motion to Strike and Request for a Hearing. The Court **GRANTS WITHOUT PREJUDICE** Defendants' Motion to Dismiss.

A separate Order will **ISSUE**.

                                              /s/
                         **PETER J. MESSITTE**

**November 14, 2013**                **UNITED STATES DISTRICT JUDGE**